UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

RICHARD HAMMOND and                          No. 11 CIV 3179 (JGK)
SUZANNE HAMMOND,

                          Plaintiffs,

-- against --

TOY INDUSTRY ASSOCIATION, INC.,
FREEMAN DECORATING SERVICES, INC.,
FREEMAN DECORATING CO., NEW YORK
CONVENTION CENTER DEVELOPMENT
CORPORATION and JEROME BELL,

                          Defendants.

-----------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW OF THE FREEMAN DEFENDANTS
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS.............................................................................................................  i

TABLE OF AUTHORITIES ....................................................................................................  ii

PRELIMINARY STATEMENT .............................................................................................  1

I.    PLAINTIFF'S RELATION-BACK ARGUMENT CANNOT  REVIVE
      AN UNTIMELY LAWSUIT AGAINST BELL OR SUPPORT A LATE
      LAWSUIT AGAINST NYCCOC ....................................................................................... 4

II.   PLAINTIFF DID NOT HAVE TO NAME BELL, BUT THE ACTION
      AGAINST FREEMAN HAD TO BE COMMENCED BEFORE THE
      CLAIMS AGAINST BELL BECAME TIME BARRED ...................................................... 6

III.  PLAINTIFF'S "ADVERSE CONSEQUENCES" DO NOT PERMIT
      THE COURT TO IGNORE A STATUTE OF LIMITATIONS OR
      CONTROLLING AUTHORITY....................................................................................... 8

CONCLUSION............................................................................................................................ 9

TABLE OF AUTHORITIES

CASES                                                          Page

Bray v. New York Life Ins., 851 F.2d 60 (2d Cir. 1988)          3

Chubb Ins. Co. a/s/o Nelson v. New York Convention
Center Development Corp. et al., Index No. 06/106360
(Sup. Ct. N.Y. Co.)                                            7

Delta Steamship Lines, Inc. v. New York Shipping Assn.
688 F.Supp 1560 (S.D.N.Y. 1988)                                3

Karaduman v. Newsday, 51 N.Y.2d at 545-6                       7, 9

Panico v. Advanstar Communications, Inc., Index No.
26109/08 (Sup. Ct. Queens Co. March 5, 2009)                   8

Sciotti v. Saint-Gobain Containers, Inc., 2008 WL 2097543
(W.D.N.Y. May 19, 2008)                                        4, 5

Smith v. Russell Sage College, 54 N.Y.2d 185, 194,
445 N.Y.S.2d 68 (1981)                                         3

Tepper v. Freeman, 2011 N.Y. Slip. Op. 31927U
(Sup. Ct. N.Y. Co. 2011)                                       6

Trevedi v. Golub, 46 A.D.3d 542, 8976 N.Y.S.2d
211 (2d Dep't 2007)                                            3


RULES AND STATUTES

Fed. R. Civ. P. 15(c)(1)                                       4

N.Y. Labor Law §§ 240 and 241(6)                              8

N.Y. Pub. Auth. L. §2570                                      2, 8

Defendants Freeman Decorating Services, Inc. ("FDS") and Freeman Decorating Co. ("FDC" and collectively "Freeman") submit this Reply Memorandum of Law in further support of their motion for judgment on the pleadings dismissing the complaint and various cross-claims of defendant Toy Industry Association, Inc. ("TIA").

## PRELIMINARY STATEMENT

Plaintiff's opposition asks the court to ignore two fundamental legal principles: 1) that claims which are not timely asserted are barred by statutes of limitation, and 2) that vicarious liability may not be imposed where, as here, no viable claim remains against a principal. Because plaintiff has no good answer to these propositions, his opposition fails to address the controlling authority cited in Freeman's moving memorandum which requires dismissal of his lawsuit. Instead, plaintiff's mischaracterizes Freeman's position and attempts to address arguments which Freeman does not advance. According to plaintiff, Freeman is attempting to avail themselves of a shorter Public Authorities Law statute of limitations. This however, is not Freeman's argument.

Freeman does not assert that the claims against it are barred by the statute of limitations. Freeman does argue that where, as here, the statute of limitations expired on plaintiff's claims against Mr. Bell, or they are otherwise barred[1], Freeman cannot be held liable vicariously even if Bell's negligence was the proximate cause of plaintiff's alleged injuries – an argument for which plaintiff has no response. Plaintiff also offers no response to the precedent holding that his claims for negligent training and supervision fail as a matter of law because they are subsumed

---

[1]  Freeman also adopts Bell's argument that the claims against him were extinguished because he was not served with a notice of claim. (See Bell's Memo, ECF # 12 at 4).

within his legally insufficient respondeat superior claims. (Moving Mem. 11-13). He does not discuss, much less attempt to distinguish, a single case cited in the moving papers.

Plaintiff has been forced to concede that he did not sue New York Convention Center Operating Corporation ("NYCCOC") because, at the time he commenced this lawsuit, claims against NYCCOC already were barred by N. Y. Pub. Auth. Law § 2570's one year statute of limitations. (Op. Mem. 1). That statute of limitations also governs claims against NYCCOC's employees, like Mr. Bell. (N.Y. Pub. Auth. Law § 2570). Instead, plaintiff argues, in essence, that this court should ignore the fact that New York's legislature adopted a shorter statute of limitations under the Public Authorities Law, than under the General Municipal Law, and asks this court to eviscerate the shorter limitation period under the guise of judicial discretion. That discretion, if it is to be exercised, belongs to the legislature, not the court.

To "accomplish" this fiat, plaintiff seeks leave to amend his complaint to sue NYCCOC, under the relation back doctrine, even though, admittedly, he is adding no new claims against Bell, and the existing claim against Bell and NYCCOC were time barred when this lawsuit was commenced. Even if the court were to allow NYCCOC to be added, it would not revive the extinguished claims against Bell.

To "address" this problem, plaintiff argues that Bell was not really employed by NYCCOC (and consequently not covered by the one year limitation period) despite seeking and obtaining from New York Supreme Court leave to save a notice of claim against Bell[2]– something *only* appropriate against a public employee. Plaintiff also argues that he has alleged that Bell was employed by Freeman, and that his complaint allegations must be taken as true.

---

[2]  Bell espouses revisionist history claiming that he "identified Bell individually in the Notice of Claim as he was the only Freeman worker identified." (Op. Mem. 8). Plaintiff did something far different – he asserted the Notice of Claim *against* Bell in his capacity as a public employee and sought a court order allowing him to serve Bell with the notice of claim late in order to attempt to fulfill the statutory claim prerequisite.

(Op. Mem 10, 11-12). Plaintiff conveniently ignores that his allegations must have "facial plausibility" (see cases cited in Moving Mem. At 5-6), and that his complaint also alleges that Hammond was employed by all of the other defendants. (Comp. ¶¶ 32, 35). The Notice of Claim against Bell is an admission by Hammond that Bell is a public employee. Plaintiff argues nevertheless, that he should be permitted discovery to attempt to show that Bell was employed by Freeman, not NYCCOC. Plaintiff fails to address either Bell's and NYCCOC's showing with documentary evidence and affidavits that NYCCOC employed Bell, or Freeman's acknowledgement that Bell functioned as its special employee -- not an actual employee, -- the role espoused by plaintiff's counsel at the pre-motion conference. Plaintiff offers no clue as to what discovery he might obtain which would change these facts which all parties, including plaintiff, previously admitted.[3]

Plaintiff also asserts that because Bell was not a necessary party, and dismissal of the action against him on statute of limitations grounds ostensibly is not a merits ruling[4], Freeman still can be held liable vicariously for his negligence. This argument, however, would require the court to ignore the long standing precedent cited in the moving memo at pp. 5-11 which holds that when the claim against an active tortfeasor are extinguished, no vicarious liability can attach. Finally, plaintiff contends that limiting vicarious liability as requested by Freeman might have adverse consequences to other hypothetical litigants, who like plaintiff here, do not sue

---

[3]  Plaintiff's "support" for this argument (Op. Mem. 16-17) is *Delta Steamship Lines, Inc. v. New York Shipping Assn.*, 688 F.Supp 1560 (S.D.N.Y. 1988), a case involving multi-employer pension plan liability which *refused* to apply common law concepts of employment to eliminate an obligation to make plan contributions which is inapposite. Not surprisingly, plaintiff cites nothing which authorizes a court to ignore the shorter statute of limitations the legislature created to protect public authorities and their employees, like Bell, by applying common law notions of the employment relationship.

[4]  Plaintiff's "support" for this proposition is *Trevedi v. Golub*, 46 A.D.3d 542, 8976 N.Y.S.2d 211 (2d Dep't 2007), a case holding that a dismissal for lack of personal jurisdiction is not on the merits. (Op. Mem. 21-2). To the contrary, a dismissal of the claims against Bell because they are barred by the statute of limitations is a merits dismissal which is *res judicata*. *Bray v. New York Life Ins.*, 851 F.2d 60, 64 (2d Cir. 1988); *Smith v. Russell Sage College*, 54 N.Y.2d 185, 194, 445 N.Y.S.2d 68 (1981).

NYCCOC or its employees, within the applicable statute of limitations. As discussed below, these arguments are legally insufficient to sustain his claims (or his wife's derivative consortium claim).[5]

I.   PLAINTIFF'S RELATION-BACK ARGUMENT CANNOT REVIVE AN UNTIMELY LAWSUIT AGAINST BELL OR SUPPORT A LATE LAWSUIT AGAINST NYCCOC

Plaintiff's argument that the court has discretion to allow a complaint amendment to add claims against NYCCOC even though the statute of limitations has run misses the mark. Even, if plaintiff's argument was correct – and plaintiff is wrong – such an amendment would do nothing to revive the extinguished claims against Bell. Bell already is a defendant. The claims against Bell were barred by the statute of limitations when the lawsuit was filed. Plaintiff does not seek to add new claims against Bell. In short, as to Bell, there is nothing new to relate back.

Plaintiff's argument with respect to NYCCOC is equally flawed. The relation back doctrine does not apply here for several reasons. First, relation back does not extend to a time before the lawsuit was filed. Stated differently, the claim which relates back must have been timely when the action was commenced. Fed. R. Civ. P. 15(c)(1) states that "[a]n amendment to a pleading relates back *to the date of the original pleading.*" (Emphasis added). For example, in *Sciotti v. Saint-Gobain Containers, Inc.*, 2008 WL 2097543 (W.D.N.Y. May 19, 2008) (cited in Op. Mem. at 15), the court noted in allowing an amended complaint to relate back to the date of filing of the original complaint "it is clear that plaintiff's claims against S-GCI would be time-barred unless the filing of the Amended Complaint relates back to the filing of the original complaint." *Id.* at *5. Plaintiff concedes that the original complaint was filed after the one year statute of limitations had expired. (Op. Mem. 9). Indeed, plaintiff's memorandum

---

[5]   FDC's request for dismissal of all cross-claims asserted by TIA, and FDS's request for dismissal of the common law cross claims, and the failure to procure insurance cross-claim of TIA, also are unopposed, and should be granted for the reasons set forth in Moving Mem. at pages 13-17.

acknowledges that plaintiff sued NYCCDC, not NYCCOC, *because his claims against NYCCOC already were time barred.* (Op. Mem. 9). Thus, even if the proposed claim against NYCCOC related back to the filing of the original complaint, its claims against NYCCOC would still be untimely.

Second, the proposed amendment is improper because it will not correct the misnomer of a defendant in this lawsuit. *Sciotti* allowed an amended complaint to relate back to the filing of a timely-filed original complaint where plaintiff mistakenly named Saint-Gobain, Inc., rather than Saint-Gobain Containers, Inc. The appropriate defendant added by the amendment had actual knowledge of the lawsuit when it could timely have been served. Its insurance carrier had informed plaintiff that it insured the correct defendant. These facts let the court in *Sciotti* to find "that S-GCI knew, within that time, 'that the action would have been brought against it but for a mistake concerning the proper party's identity.'" *Id.* at *6. Here by contrast, plaintiff knew its claim was untimely as to NYCCOC, but not NYCCDC (who could not be sued because plaintiff had not served a notice of claim against NYCCDC), and made a conscious choice to sue NYCCDC, but not NYCCOC. There was no mistake in identity. Relation back should not be applied to rectify an error in judgment or a change in litigation strategy.

Plaintiff's "united in interest" argument is similarly flawed. Plaintiff makes the bald, erroneous, assertion that NYCCDC and NYCCOC "both are located in the Javits Center and the Javits Center had notice of the claim since the incident report on the date of accident." The court, however, can take judicial notice, based on the public records maintained by the New York Department of State, Division of Corporations, that NYCCDC is located at 633 3rd Avenue, New York, NY 10017. (Tisman Aff. Exh. 1). By contrast, NYCCOC is located at the Javits Center, 655 West 34th Street, New York, NY. Moreover, NYCCDC was established to develop

and own the Javits Center, but is not involved in its operation. *See* Discussion in Bell's Memo at 6-7 (ECF 12). Plaintiff attempts to blur this distortion by asserting that "the Javits Center" (a building) had notice of the claim. However, NYCCDC has moved to dismiss precisely because plaintiff failed to serve it with a notice of claim. In short, NYCCDC is not united in interest with NYCCOC.

Plaintiff's reliance on *Tepper v. Freeman*, 2011 N.Y. Slip. Op. 31927U (Sup. Ct. N.Y. Co. 2011) (Op. Mem. 18) is misplaced. The issue raised in this motion was not raised, addressed, or decided in *Tepper*. Rather, in *Tepper*, the court held that the two NYCCOC-employed carpenters alleged to have injured plaintiff were FDS's special employees, but that FDS was not entitled to conditional indemnification from NYCCOC, despite NYCCOC's status as the actual employer of the carpenters. FDS had argued that, as a matter of policy, the court should depart from the principle that a general employer, like NYCCOC, was exonerated where its employees acted as special employees of another different employer, because FDS was required by NYCCOC to utilize its employees. The court, however, rejected the policy argument, denied FDS conditional indemnification, and granted summary judgment to NYCCOC. The issue presented in this action could not have been raised in *Tepper*, who had served a timely notice of claim, and, unlike Hammond, brought suit against NYCCOC before the statute of limitations expired.

II.    PLAINTIFF DID NOT HAVE TO NAME BELL, BUT THE ACTION AGAINST FREEMAN HAD TO BE COMMENCED BEFORE THE CLAIMS AGAINST BELL BECAME TIME BARRED

Plaintiff argues that Bell is not a necessary party to an action for vicarious liability against a principal, (Op. Mem. 22), but fails to complete the analysis. What plaintiff does not address is the controlling principle that a party can be held liable vicariously for an act of a

- 6 -

principal *only* if the principal who committed the act also could still be held liable. (Moving Mem. 5-11). Plaintiff's failure to sue Freeman for respondeat superior liability arising from Bell's alleged negligence before the statute of limitations against Bell expired extinguished Freeman's potential vicarious liablity. Plaintiff's argument asks the court to allow him to maintain a claim against Freeman by simple application of *respondeat superior,* an approach expressly rejected by the New York Court of Appeals in *Karaduman v. Newsday, Inc.*, 51 N.Y.2d at 545-6. (discussed in Moving Mem. at 7-8).

Plaintiff's assertion of "fundamental unfairness" rings hollow. He offers no explanation for not suing FDS, FDC or TIA while he still had a right to sue Bell. Indeed, the memorandum in opposition concedes that plaintiff had identified these private entities as ostensibly liable parties, no later than November, 2010, only 9 months after his incident. *Nothing prevented plaintiff from suing FDS, FDC or TIA while the Supreme Court determined if Bell and NYCCOC – which he concedes were not necessary parties - could be added.* Plaintiff attempts to "justify" his failure to sue NYCCOC (and presumably Bell[6]) on the basis that he had not yet been granted to leave to file a late notice of claim. According to plaintiff, "absent court permission to initiate suit, plaintiff could not in good faith initiate suit against NYCCOC." (Op. Mem. 9). This claim simply isn't accurate. Plaintiff could have, and should have, requested in his Order to Show Cause, that the state court expedite its decision and/or authorize the filing and service of a complaint against NYCCOC and Bell to avoid running of the statute of limitations, but stay that action until it had determined whether to allow a late notice of claim. For example in *Chubb Ins. Co. a/s/o Nelson v. New York Convention Center Development Corp. et al.*, Index No. 06/106360 (Sup. Ct. N.Y. Co.), plaintiff's counsel served an Affidavit of Emergency asking to expedite a

---

[6] Of course, if Bell were employed by Freeman – the position he now asks the court to adopt – plaintiff did not need Supreme Court's authorization of a late notice of claim, or its approval to sue.

decision on a motion for leave to serve a late notice of claim, and also advised the court that it was filing summons and verified complaint simultaneously. (Tisman Aff. Exh 2).[7]  By contrast, Hammond did not make such a request.[8]  Similarly in *Panico v. Advanstar Communications, Inc.*, Index No. 26109/08 (Sup. Ct. Queens Co. March 5, 2009), an electrician employed by NYCCOC ultimately was denied leave to file a late notice of claim against NYCCDC for violation of N.Y. Labor Law §§ 240 and 241(6) as the owner of the Javits Center.  However, Panico's counsel filed and served the amended complaint to avoid statute of limitations issues while the motion was pending, but thereafter voluntarily discontinued the amended complaint as to NYCCDC when denied leave to serve a late notice of claim or amend. (Tisman Aff. Exh. 3). Thus, even if Hammond harbored the mistaken belief that he had to name NYCCOC and Bell in the same complaint which sued Freeman and TIA, he could have taken similar steps to prevent the statute of limitations from expiring.  Plaintiff's failure to protect his claim is not grounds for circumventing the well established limit on vicarious liability.

## III.  PLAINTIFF'S "ADVERSE CONSEQUENCES" DO NOT PERMIT THE COURT TO IGNORE A STATUTE OF LIMITATIONS OR CONTROLLING AUTHORITY

Plaintiff's final argument is that dismissal of his claim would be "fundamentally unfair", and may have "far-reaching and unjust adverse consequences."  Plaintiff asserts, with no citation to the legislative history of the Pub. Auth. L. § 2570, that barring vicarious liability claims extinguished by that statute of limitations "cannot be a result which the legislature intended." The implication of plaintiff's argument is that the New York legislature intended to eviscerate

[7]  As reflected in plaintiff's Order to Show Cause, and Judge Scarpulla's decision, Hammond actually served the Notice of Claim on NYCCOC without waiting for Judge Scarpulla to grant permission.

[8]  Indeed, plaintiff's application in state court for leave to serve a late notice of claim may have misled the court, because its papers make no mention of the Pub. Auth. L. § 2570, but instead reference the GML's 1 year 90 day statute of limitations. (Tisman Aff. Exh. 4). Justice Scarpulla issued her decision within the cited 1 year 90 day statute of limitations.

holdings like the Court of Appeals decision in *Karaduman v. Newsday, Inc.*, 51 N.Y.2d 531, 435 N.Y.S.2d 556 (1980) (Moving Mem. 7-8). Such a change must be made by legislation, not unsupported implication.

Plaintiff's position would eviscerate the shorter statute of limitations contained in the Public Authorities Law applicable to employees of public authorities, like Bell, to revive a time barred claim. Surely, if the legislature intended such claims to be governed by the longer General Municipal Law statute, it would not have adopted the shorter one year statute contained in the Public Authorities Law.

The cases cited in Freeman's moving memorandum at pp. 9-11, where state and federal courts have extended the worker's compensation exclusive remedy shield to vehicle owners who otherwise are subject to statutory vicarious liability, demonstrate that protective limitations – here the statute of limitations, and there the exclusive remedy provision –are properly extended to parties not explicitly covered by such statutes. This is the best indication of legislative intent. Plaintiff's argument should be seen for what it is -- a belated effort to excuse a missed statute of limitations -- and should be rejected.

## CONCLUSION

For the foregoing reasons, and those set forth in Freeman's and Bell's moving papers, this court should enforce the statute of limitations and grant Bell's motion. This court also should grant Freeman's motion for judgment on the pleadings dismissing the complaint with prejudice because any vicarious liability for Bell's conduct was extinguished when the claims against him became time barred and barred by the failure to serve a notice of claim on Bell.

Freeman's unopposed motion for judgment on the pleadings dismissing TIA's cross-claims for failure to state a claim for relief also should be granted. Plaintiff's "cross-motion" also should be denied.

Dated: Uniondale, New York
       September 28, 2011

                                        Respectfully submitted,

                                        FORCHELLI, CURTO, DEEGAN, SCHWARTZ,
                                        MINEO, COHN & TERRANA, LLP

                                        By: _____
                                             Russell G. Tisman, Esq. (RT 1710)
                                        333 Earle Ovington Boulevard - Suite 1010
                                        Uniondale, New York 11553
                                        (516) 248-1700

                                        Attorneys for Defendants
                                        Freeman Decorating Services, Inc. and
                                        Freeman Decorating Co.

To:    Brown & Gropper, LLP
       Attorneys for Plaintiffs
       275 Seventh Avenue - 25th Floor
       New York, New York 10001
       (212) 366-4600

       Perez & Varvaro
       Attorneys for Defendant
       Toy Industry Association, Inc.
       333 Earle Ovington Boulevard - 8th Floor
       Uniondale, New York 11553
       (516) 745-8310

       Law Office of Edward Garfinkel
       Attorneys for Defendant
       New York Convention Center Development Corp.
       and Jerome Bell
       12 Metrotech Center - 28th Floor
       Brooklyn, New York 11201-3837
       (718) 250-1100